UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

BRIAN FREEMAN,

    Plaintiff,

v.                                              Case No.  19-2553

I.B.G. SERVICES, INC. d/b/a
R. BERNARD FUNERAL SERVICES and
DEBBIE BERNARD,

    Defendants.

_____

**COMPLAINT UNDER THE FLSA**
_____

    Plaintiff Brian Freeman, through his attorneys, brings this action against Defendants I.B.G. Services, Inc. d/b/a R. Bernard Funeral Services and Debbie Bernard under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay minimum wage amd overtime compensation.

**I. JURISDICTION**

    1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**II. FACTS**

**A. Parties**

    2.    Plaintiff Brian Freeman is an adult resident of Memphis, Tennessee.  During the applicable statutory period, Plaintiff worked for Defendants as a funeral attendant assistant.

    3.    Defendant I.B.G. Services, Inc. d/b/a R. Bernard Funeral Services ("R. Bernard") is a for profit corporation formed and organized under Tennessee state law and currently

conducting business as a funeral home and crematorium at 2764 Lamar Avenue, Memphis, Tennessee 38114.  At all relevant times herein, Defendant R. Bernard was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Defendant R. Bernard Funeral Services is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

5. Defendant R. Bernard Funeral Services is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.  Specifically, Defendant R. Bernard Funeral Services has annual sales of not less than $500,000.

6. Defendant Debbie Bernard is the owner/operator of R. Bernard Funeral Services.  At all times herein, Defendant Debbie Bernard has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d), since she has acted directly in the interest of Defendant R. Bernard Funeral Services in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the federally prescribed minimum wage and not to pay Plaintiff overtime compensation.  Defendant Debbie Bernard is a resident of Germantown, Tennessee.

**B. Factual Allegations**

7. Plaintiff was employed by Defendants during the applicable statutory period. Plaintiff Freeman worked for Defendants from approximately February 2017 to June 20, 2019.

8. During the applicable statutory period, Defendants failed to pay Plaintiff the federally prescribed minimum wage or overtime compensation.

9. From February 2017 to April 2018, Plaintiff Freeman worked part-time as a funeral attendant assistant.

10. In April 2018, Plaintiff Freeman began working from 9:00 a.m. to 5 or 6:00 p.m., Monday through Friday, in addition to some Saturdays as needed, and worked an average of fifty (50) hours per work week. He was paid $350 per week regardless of the total number of hours worked.

11. From August 2018 through his termination in June 2019, Plaintiff Freeman began working additional hours by making runs for Defendant I.B.G. Services in addition to his full-time schedule as a funeral attendant assistant.

12. Plaintiff Freeman was on-call 24 hours a day and would respond to calls from the West TN Forensic Office or Shelby County Health Department and make hospital and residential calls/runs as deaths occurred.

13. A run would typically require answering a call, driving to the location of the deceased and waiting for the paperwork to be completed for the deceased to be released, and returning the deceased either to the Forensic Center or R. Bernard for processing.

14. Due to the volume of calls, Plaintiff Freeman worked an additional thirty (30) hours per week.

15. For the time worked as a funeral attendant assistant and the time worked making

runs for Defendant I.B.G. Services, Plaintiff was only paid $250 per week plus $20 per body, regardless of the hours worked. Plaintiff estimates that he worked a total of eighty (80) hours and made approximately thirty (30) runs per week.

16. At this juncture, Plaintiff estimates that he has been deprived of unpaid wages of at least $9,779.60 during the relevant time period.

17. Defendants' pay practices set forth above violate the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.* As a result, Plaintiff has sustained a loss of wages.

18. Further, by failing to accurately record, report, and/or preserve records of all hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

19. The foregoing conduct on the part of Defendants constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of federal law.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1. Judgment against Defendants for an amount equal to unpaid back wages at the applicable rates;

2. Judgment against Defendants that its violations of the FLSA were willful;

3. An equal amount to Plaintiff's unpaid wages as liquidated damages;

4. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

6. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

7. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

8. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ William B. Ryan
William B. Ryan – TN Bar #20269
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
billy@donatilawfirm.com

ATTORNEYS FOR PLAINTIFF

Dated: 8.20.19